IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON BRINSON,

           Petitioner,

    v.                                      CASE NO. 05-3334-RDR

WARDEN TERELL,

            Respondent.

**O R D E R**

This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas.

Petitioner cites his 1997 conviction in the Eastern District of North Carolina on his plea of guilty to the charge of possession with intent to distribute cocaine base, for which that court imposed a prison term of 290 months.  Petitioner pursued relief from that conviction, without success, in a direct appeal and in a motion filed under 28 U.S.C. 2255.

In the present case, petitioner seeks to set aside his sentence following recent Supreme Court decisions.  *See* <u>United States v. Booker</u>, 125 S.Ct. 738 (2005)(Supreme Court extends rationale in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), *and* <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), to federal sentencing guidelines, finding mandatory provisions of U.S. Sentencing Guidelines are unconstitutional).  Petitioner argues his 290 month sentence is invalid because the sentencing court

relied on findings, such as the amount of drugs involved, not admitted in petitioner's plea or determined by a jury.

Having reviewed petitioner's pleading, the court finds relief on this claim must be pursued to the extent any relief is available through a motion filed under 28 U.S.C. 2255 in the Eastern District of North Carolina.  *See* Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(2255 petition attacks the legality of a federal prisoner's detention, and must be filed in the judicial district that imposed the sentence); McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997)(2241 petitions are used to attack execution of sentence, in contrast to 2254 and 2255 proceedings which are used to collaterally attack the validity of a conviction and sentence).  Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. 2255."  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  For federal inmates, the 28 U.S.C. 2255 remedy "supplants habeas corpus, unless it is show to be inadequate or ineffective to test the legality of the prisoner's detention."  Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).

The fact that petitioner previously pursued relief on other claims in a motion under 28 U.S.C. 2255, and now faces restrictions on filing a second or successive 2255 motion, does not render the remedy under 28 U.S.C. 2255 inadequate or ineffective.  Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).  The court thus finds the petition is subject to being dismissed because this court lacks jurisdiction under 28 U.S.C.

2241 to consider petitioner's claims absent a showing by petitioner that the remedy afforded under 28 U.S.C. 2255 is inadequate and ineffective.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus filed in this matter should not be dismissed.

DATED: This 16th day of August 2005, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge